### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | No. 19-29026 |
| | ) | |
| Tracey Brooks Holloway, Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Judge Jacqueline P. Cox |
| | ) | |

### MOTION FOR REASSIGNMENT OF RELATED CASE

NOW COMES MOVANT, Strategic Funding Source, LLC, by and through its attorneys, Valentine Austriaco and Bueschel, P.C., and respectfully moves this Honorable Court pursuant to Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois to enter an Order transferring this case to the Chief Judge for reassignment to Judge Timothy A. Barnes and in support of its requested relief, states as follows:

1) On October 11, 2019, Tracey Brooks Holloway ("the Debtor") filed this Chapter 11 proceeding. (Doc. No. 1.)

2) At the time of filing, a related case was pending (and continues to pend) before Judge Timothy Barnes, *In re Gold Coast Partners, LLC*, Case No. 18-09765.

3) Pursuant to Rule 1015-1(A), two or more cases are "related" if, *inter alia*, "the cases involve persons or entities that are affiliates as defined in § 101(2) of the Bankruptcy Code."

4) Section 101(2) of the Bankruptcy Code defines "affiliate" to include an "entity that directly...owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor[.]" 11 U.S.C. § 101(2)(a). "Entity" is defined to include "person."

5) The Debtor is an affiliate of Gold Coast Partners, LLC because she is an entity (a person) that owns at least 90 percent of Gold Coast Partners, LLC. (*See* Doc. No. 22 at 8 in Case No. 18-09765 (in which the Debtor states that she owns a 90% interest), *but compare* Doc. No. 1-1 at 4 in the instant case (in which Debtor states that she is the sole proprietor of Gold Coast Partners, LLC).)

6) Because the Debtor is an affiliate of Gold Coast Partners, LLC the cases are "related" as that term is defined in Local Rule 1015-1(A).

7) Rule 1015-1(B) provides in relevant part:

> If a case to be filed in this district is related to a case previously filed in this district, the attorney filing the case must file a Certification of Relatedness in substantially the form posted on the court's web site. If the Certificate of Relatedness shows that the cases are related, the clerk must directly assign the related cases to the same judge.

(L.R. Bankr. N.D. Ill. 1015-1(B).) The Debtor, who is *pro se*, did not file the required Certificate of Relatedness.

8) Where, as here, a related case is not initially assigned to the same judge as the previously filed case, Local Rule 1015(C) permits a party in interest to move to transfer a case on the grounds of relatedness. The motion must be brought before the judge assigned to the higher-numbered case. (L.R. Bankr. N.D. Ill. 1015-1(C).) Accordingly, Strategic brings this motion before the Honorable Judge Jacqueline P. Cox, who is assigned to the higher-numbered case.

9) Local Rule 1015-1(C) further provides that upon the motion, "[i]f the cases are related, the judge must transfer the case to the chief judge for reassignment to the judge assigned the lower-numbered case."

10) Strategic is not seeking joint administration of these related cases because the lower-numbered case has been pending for more than 18 months and any further delay in its administration would not serve the interests of this Court, the Debtor, or the creditors.

WHEREFORE, because this case is related to a case pending before Judge Timothy A. Barnes, movant Strategic Funding Source, Inc. respectfully requests that this Honorable Court enter an Order transferring the case to the Chief Judge for reassignment to Judge Barnes, and for any other such relief as this Court deems fit.

Respectfully submitted:
Strategic Funding Source, Inc.
By one of their attorneys

/s/ Sandy L. Morris
ARDC #6270309

Valentine Austriaco & Bueschel, P.C
105 W. Adams Street 35th Floor
Chicago, IL  60603
312-238-9545
smorris@vablawfirm.com